UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MEGAN MIZEN**<br>**444 Water Street**<br>**Tiffin, Ohio 44883**<br><br>       **Plaintiff,**<br>  v.<br><br>**OMNI CREDIT SERVICES OF FLORIDA,**<br>**INC.**<br>**c/o Statutory Agent**<br>**Pacific Registered Agents, Inc.**<br>**655 Metro Place South, Suite 600**<br>**Dublin, Ohio 43017**<br><br>**and**<br><br>**JOHN AND JANE DOES 1-10**<br><br>       **Defendants.** | **CASE NO.:** _____<br><br><br><br>**JUDGE**<br><br><br><br>**COMPLAINT**<br><br><br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

      Here comes Plaintiff Megan Mizen, (hereinafter "Plaintiff") and sets forth her *Complaint* against Defendants Omni Credit Services of Florida, Inc. (hereinafter "Omni") and Defendants John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

## JURISDICITON

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by Omni and its agents in their illegal efforts to collect a consumer debt.

2. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d)

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Megan Mizen (hereafter "Plaintiff"), is an adult individual whose residence is in Tiffin, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Omni is a Florida business entity with an address of 4710 Eisenhower Blvd., Suite B3, Tampa Florida 33634, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendants John and Jane Does 1 - 10 are the individual collectors for the Omni, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

7. Omni at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.** **The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Omni for collection, or Omni was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Omni Engages in Harassment and Abusive Tactics**

**FACTS**

12. Within the last year, Defendants placed numerous calls to Plaintiff, sometimes many multi calls to Plaintiff a day in an attempt to collect the Debt.

13. Defendants "mini-Mirandi warning" when speaking with Plaintiff.

14. Defendants contacted Plaintiff's mother-in-law on numerous occasions regarding this debt, including disclosing details of the debt to her.

15. Defendants used extremely rude and abusive language when speaking with Plaintiff. During one conversation, Defendants told Plaintiff, "since you're his [Plaintiff's husband] wife, you're responsibly for his f**king debt."

16. Defendants have threatened to take legal action against Plaintiff in an attempt to collect the Debt. To date, no such action has been taken.

17. Defendants have failed to inform Plaintiff that it is a debt collector when placing calls to Plaintiff.

18. Plaintiff asked Defendants provide her with written correspondence outlining how much was owed and proof of the debt. Defendants have refused to comply with Plaintiff's request.

19. Omni has additionally placed calls to her mother-in-law on several occasions with regard to the Debt. Omni used abusive language when speaking with Plaintiff's mother-in-law.

C. **Plaintiff Suffered Actual Damages**

20. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

21. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
### (Violations of the Fair Debt Collections Practices Act)
### (15 U.S.C. § 1692, et seq.)

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

25. Defendants contacted third parties in regards to Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

26. Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

27. Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

28. Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

29. Defendants misrepresented the character, amount, and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

30. Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

31. Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

32. Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

33. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**(Violation of the Ohio Consumer Sales Practices Act ("OCSPA"))**
**(O.R.C. § 1345.01, *et seq.*)**
**(Against Defendants Omni only)**

35. Plaintiff incorporates by reference all of the above paragraphs as if fully restated herein.

36. Plaintiff is a "Consumer" as defined by O.R.C. § 1345.01(D).

37. Omni is a "supplier" as defined by O.R.C. § 1345.01(C).

38. At all relevant times Omni was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01(A).

39. O.R.C. §1341.02 prohibits "suppliers" from using unfair or deceptive practices.

40. O.R.C. §1341.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

41. Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

42. Defendants' debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

43. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants is subject to punitive damages.

44. Defendants' acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages.

## **COUNT III**
### **(Invasion of Privacy by Intrusion upon Seclusion)**

45.  Plaintiff incorporates by reference all the above paragraphs of this complaint as if fully restated herein.

46.  The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

47.  Ohio recognizes Plaintiff's right to be free from invasions of privacy, thus Defendants violated Ohio state law.

48.  Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff with condescending and obscene language, and threatening legal action.

49.  The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

50.  The Defendants conduct in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

51.  As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

52. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Megan Mizen prays that judgment be entered against all Defendants and requests the following damages:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F)(1) against Defendants;

4. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as this Court may determine to be just and proper.

Dated: <u>March 29, 2012</u>

Respectfully submitted,

By: /s/ *Brian T. McElroy*_____

Brian T. McElroy, Esq. (0073930)
MCELROY LAW, LLC
1991 Crocker Road
Gemini I, Suite 600
Westlake, Ohio 44145
Phone: (440) 892-3334
Fax: (440) 892-3336
Email: btm@McElroyLawllc.com

Co-Counsel with:

LEMBERG & ASSOCIATES, L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff:
Megan Mizen

## JURY DEMAND

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

_____
Brian T. McElroy